[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR SANCTIONS
It is evident that even experienced trial counsel can seriously differ as to the correct form of questions, relevancy of requested information and admissibility of evidence. Thus Section 247b of the Practice Book provides for a third party (the court) to resolve these controversies in a manner which will not delay the deposition: All questions, even those objected to are to be answered and the trial court will rule on the objections at trial. This case is clearly controlled by P.B. section 247b which is clear and unambiguous on its face and Pavlinko v. Yale-New HavenHospital, 192 Conn. 138, 143. The liberal view of the dissent in that case fails to recognize the dilatory and disruptive effect upon the proceedings (as in this case) if one party is allowed to make its own rulings as to form, relevancy, etc.
The defendant's counsel in this case has clearly overstepped the bounds of the correct procedure and caused undue delay and expense.
1. The defendant is ordered to resume the depositions of all of the witnesses who, on defense counsel's advice, refused to answer questions posed to them at their deposition.
2. The defendant is ordered to pay all costs, expenses and legal fees reasonably incurred by the plaintiffs in taking the deposition of Ronald Thompson, Thomas Paniseau, Ronald Patterson and Theodore Peltier.
Hale, J. CT Page 7679